IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PAUL SHUMATE                                                                                                   PLAINTIFF

v.                                             Civil No. 5:25-cv-05257-TLB-CDC

BENTON COUNTY, ARKANSAS;
SHERIFF SHAWN HOLLOWAY; MAJOR
ROBERT BERSI; JOHN DOE
CORRECTIONAL OFFICERS 1–10; JOHN
DOE NURSES / MEDICAL STAFF 1–5;
CHRIS WILLIS; JOHN DOE DEPUTY
("WILLIS-NEIGHBOR"); JOHN DOE
OFFICER WHO CONDUCTED THE
TRAFFIC STOP; and CITY OF
BENTONVILLE, ARKANSAS                                                                   DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Paul Shumate pursuant to 42 U.S.C. § 1983. Plaintiff, who is not incarcerated, proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned who now examines Plaintiff's Complaint for preservice screening under the provisions of 28 U.S.C. § 1915(e)(2)(B). Pursuant to § 1915(e)(2)(B), the Court has an obligation to dismiss a case at any time if the Court determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from relief.

### I. BACKGROUND

Plaintiff, who is a Missouri resident, *see* ECF No. 2, ¶ 10, alleges that in late November 2025, he arranged on Facebook Marketplace to sell a riding lawnmower to Defendant Chris Willis, who apparently is a resident of Benton County, Arkansas, *see id.* at ¶¶ 19, 35. According to

Plaintiff's Complaint, he attempted several times to deliver the lawnmower to Mr. Willis, but had difficulty locating Mr. Willis's home. *See id.* at ¶¶ 20–22. But eventually Plaintiff found the correct location and, as Mr. Willis was not home at the time, Plaintiff dropped off the lawnmower in front of Mr. Willis's garage along with a written note explaining the delivery. *See id.* at ¶ 23. However, Mr. Willis later messaged Plaintiff and informed him that he no longer wanted the mower. *Id.* at ¶ 24. Plaintiff responded that he would pick up the mower on the morning after Thanksgiving. *Id.* at ¶ 25. Mr. Willis then replied that if the mower was not picked up immediately then he would involve law enforcement through his neighbor, who was a sheriff's deputy. *Id.* at ¶ 26. On the morning after Thanksgiving, Plaintiff drove to Bentonville to retrieve the mower, but when he turned into a McDonald's drive-thru for breakfast, a Bentonville police officer pulled him over, confirmed that Plaintiff was Paul Shumate, and then placed him under arrest, stating that he was doing so pursuant to an arrest warrant out of Newton County, Missouri. *See id.* at ¶¶ 35–39.

Plaintiff was taken to Benton County Detention Center ("BCDC"), where he alleges he immediately informed jail staff of his numerous medical disabilities and problems, which include spinal fusions and disc replacements, a programmable brain shunt, and chronic neuropathy, as well as dependence on 13 prescription medications that must be taken multiple times daily. *See id.* at ¶¶ 47–51. Despite this warning, Plaintiff alleges that jail staff forced him into a full-body scanner that caused him to suffer dizziness, head pain, a near blackout, and an inability to walk, after which officers accused him of faking his symptoms, slammed his head into a wall, and then lifted him by his handcuffs, further injuring him. *See id.* at ¶¶ 52–60. He further alleges that over the next several days he was denied adequate medical care for his injuries, and that a false disciplinary report was created about the scanner and the violence that was used against him after he was placed into it. *See id.* at ¶¶ 61–91. Plaintiff was eventually transferred on December 1, 2025, from BCDC

to Newton County, Missouri, where he bonded out and was immediately released. *See id.* at ¶¶ 92–94.

Plaintiff's Complaint brings 12 counts against various defendants: (1) excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution, brought under 42 U.S.C § 1983; (2) deliberate indifference to serious medical needs in violation of the Fourteenth Amendment, also brought under 42 U.S.C § 1983; (3) disability discrimination in violation of the Americans with Disabilities Act; (4) disability discrimination in violation of the Rehabilitation Act; (5) a claim that all of these violations were the result of unconstitutional policies, customs, and failure to train, under 42 U.S.C § 1983; (6) assault and battery, presumably brought under Arkansas common law; (7) negligence and gross negligence, also presumably brought under Arkansas common law; (8) illegal stop, seizure, and false arrest in violation of the Fourth and Fourteenth Amendments, brought under 42 U.S.C § 1983; (9) civil conspiracy, brought under 42 U.S.C § 1983; (10) unlawful search, seizure, and deprivation of property in violation of the Fourth and Fourteenth Amendments, brought under 42 U.S.C § 1983; (11) abuse of process and malicious conduct, brought under Arkansas common law; and (12) failure to intervene during the excessive force that was allegedly used against him, brought under 42 U.S.C § 1983.

## II.  LEGAL STANDARD

Under § 1915(e)(2)(B), the Court is obligated to dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464

(E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Counts 8, 9, 10, and 11 of Plaintiff's Complaint must be dismissed without prejudice for failure to state a claim upon which relief may be granted. These are the counts pertaining to Plaintiff's arrest. In the aggregate, these counts are brought against the Bentonville police officer who pulled Plaintiff over and arrested him, and against Mr. Willis and Mr. Willis's deputy-sheriff neighbor, as well as the City of Bentonville and Benton County (though not all of these counts are brought against each of these defendants). *See* ECF No. 2, ¶¶ 150–84.

Essentially, each of these counts is premised on the allegation that Plaintiff's arrest was the result of a conspiracy between Mr. Willis, Mr. Willis's deputy-sheriff neighbor, and the arresting officer, to retaliate against Plaintiff for not removing his lawnmower from Mr. Willis's property as quickly as Mr. Willis wished. *See, e.g., id.* at ¶¶ 159–66. The problem here is that this theory is belied by the facts, stated in the Complaint, that the arresting officer told Plaintiff he was being arrested pursuant to an arrest warrant from Newton County, Missouri, *see id.* at ¶¶ 35–40, and that

4

within a few days Plaintiff was indeed transferred to Newton County, Missouri, where he bonded out, *see id.* at ¶¶ 92–94.  These facts are further confirmed by the dockets in two criminal cases brought against him in the Circuit Court of Newton County, Missouri—*State v. Shumate*, Case No. 25NW-CR01840, and *State v. Shumate*, Case No. 25NW-CR01841—in which warrants for his arrest were indeed issued after felony complaints were filed charging him with forgery for allegedly paying for goods with counterfeit money at several stores in Newton County.[1]  Plaintiff alleges no facts indicating that the arresting officer had any awareness of Plaintiff's dispute with Mr. Willis, nor does he allege any facts about Mr. Willis's neighbor at all (other than that Mr. Willis threatened to involve his neighbor in their dispute somehow).

To survive dismissal, factual allegations in a complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true . . . ."  *Twombly*, 550 U.S. at 555 (internal citation omitted).  On the facts alleged in this Complaint, there simply is no plausible basis for inferring that Plaintiff was arrested for any reason other than what the arresting officer told him: that a warrant for his arrest, completely unrelated to his dispute with Mr. Willis, had been issued in Newton County, Missouri.

### IV.  CONCLUSION

Accordingly, it is recommended that counts 8, 9, 10, and 11 of Plaintiff's Complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted, and that Chris Willis, John Doe Deputy ("Willis-Neighbor"), John Doe Officer Who Conducted the Traffic Stop, and the City of Bentonville, Arkansas all be terminated as Defendants in this case.

---

[1] Although Plaintiff did not attach any filings from these criminal proceedings to his Complaint, the Court may nevertheless take judicial notice of those filings because they are documents that are necessarily embraced by his pleadings, *see Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012), and they are public records whose authenticity is not subject to reasonable dispute, *see* Fed. R. Evid. 201; *cf.* Fed. R. Evid. 902(1).

This leaves for later resolution counts 1 through 7 and 12 of Plaintiff's Complaint, regarding his alleged maltreatment while incarcerated at the Benton County Detention Center, brought against Benton County, Arkansas, Sheriff Shawn Holloway, Major Robert Bersi, John Doe Correctional Officers 1–10, and John Doe Nurses / Medical Staff 1–5.  By separate order the Complaint will be served on Defendants Benton County, Holloway, and Mersi.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **5th day of January 2026**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE