IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| PAUL SHUMATE | PLAINTIFF |
| v.  Civil No. 5:25-cv-05257-TLB-CDC | |
| BENTON COUNTY, ARKANSAS; SHERIFF SHAWN HOLLOWAY; MAJOR ROBERT BERSI; JOHN DOE CORRECTIONAL OFFICERS 1–10; JOHN DOE NURSES / MEDICAL STAFF 1–5; CHRIS WILLIS; JOHN DOE DEPUTY ("WILLIS-NEIGHBOR"); JOHN DOE OFFICER WHO CONDUCTED THE TRAFFIC STOP; and CITY OF BENTONVILLE, ARKANSAS | DEFENDANTS |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Paul Shumate pursuant to 42 U.S.C. § 1983. Plaintiff, who is not incarcerated, proceeds *pro se* and *in forma pauperis*. His Complaint (ECF No. 2) alleges, among other things, that while he was incarcerated in the Benton County Detention Center ("BCDC") various Defendants used excessive force against him there and denied him adequate medical care for the injuries he received from that use of force. Plaintiff's Complaint was accompanied by a Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 4) (hereinafter "TRO Motion"), essentially asking this Court to enter an order requiring the BCDC defendants to immediately stop engaging in the allegedly unlawful practices that he says were used against him while he was incarcerated there. For the reasons given below, the undersigned recommends that Plaintiff's TRO Motion be denied.

Rule 65 of the Federal Rules of Civil Procedure governs requests for injunctive relief. Federal courts may issue an order for a TRO without first hearing from all parties only if "specific

1

facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1). By contrast, courts may issue preliminary injunctions only on notice to the adverse party. Fed. R. Civ. P. 65(a). Requests for TROs and preliminary injunctions are evaluated under the same standard, *see Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir 2022), which consists of the four so-called "*Dataphase* factors": "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inv. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). The movant, Plaintiff, has the burden of establishing that injunctive relief is proper. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). While no single factor is dispositive, relief will be denied if irreparable harm is not shown. *Id.* Here, Plaintiff filed his TRO Motion prior to the filing of any answer to his Complaint by any Defendant. Accordingly, although it is styled as a motion for both a TRO and a preliminary injunction, the Court will treat his request for injunctive relief as a request for a TRO.

Plaintiff's Motion should be denied for one very simple reason: he cannot show any threat of irreparable harm to himself in the absence of injunctive relief, because he is no longer incarcerated. Indeed, Plaintiff had already been released from custody before he filed this lawsuit and his TRO Motion. *See* ECF No. 2, ¶¶ 92–94. His TRO Motion discusses the factor of irreparable harm but—unsurprisingly under these circumstances—it discusses this factor with respect to individuals other than himself. Plaintiff states that he "does not seek protection for himself alone—he seeks protection for all medically fragile detainees," and he argues that if injunctive relief is not provided then "detainees will continue to face" the practices that he alleges injured him while he was incarcerated at BCDC. *See* ECF No. 4¶, ¶ 230–31. But this *Dataphase*

2

factor concerns "the threat of irreparable harm *to the movant*." 640 F.2d at 114 (emphasis added). Likewise, Rule 65 permits issuance of a TRO "only if" the movant shows "that immediate and irreparable injury, loss, or damage will result *to the movant* before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A) (emphasis added). Plaintiff has not brought this lawsuit as a class action, and he does not have standing to seek remedies for injuries inflicted on parties other than himself.

Accordingly, it is recommended that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 4) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **5th day of January 2026**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE