IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PAUL SHUMATE PLAINTIFF

v. Civil No. 5:25-cv-05257-TLB-CDC

BENTON COUNTY, ARKANSAS;
SHERIFF SHAWN HOLLOWAY; MAJOR
ROBERT BERSI; JOHN DOE
CORRECTIONAL OFFICERS 1–10; and
JOHN DOE NURSES/MEDICAL STAFF DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey an order of the Court.

## I. DISCUSSION

On June 23, 2026, Defendants filed a Motion to Compel (ECF No. 26) Plaintiff's response to discovery requests they had sent to him on May 7, 2026. Plaintiff never responded to this Motion, so the Court entered an Order granting it and directing Plaintiff to provide his discovery responses no later than August 10, 2026. *See* ECF No. 28. On August 11, Defendants filed a Motion to Dismiss (ECF No. 29), contending that Plaintiff never provided those discovery responses as previously ordered. This Court entered another Order, giving Plaintiff a deadline of September 2, 2026, by which to show cause for his failure to comply with the previous Order, and warning that if he missed this deadline then "this case shall be subject to dismissal." *See* ECF No.

31. Plaintiff never filed any response to the show-cause Order, and none of this Court's Orders have been returned as undeliverable.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II. CONCLUSION

Accordingly, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b), based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **8th day of September 2026**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE